# EXHIBIT A

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/14/2023 12:14 PM
JAMIE SMITH
DISTRICT CLERK
B210957

**CAUSE NO.** B-210957

| | | |
|---|---|---|
| **JOCELYN O'QUINN, SHELBY PATRIZI, AND CHARLOTTE ARCENEAUX, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF JOHN O'QUINN, DECEASED** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | **JEFFERSON COUNTY, TEXAS** |
| **V.** | § | |
| **DARRELL THIBODEAUX AND GOODYEAR TIRE AND RUBBER CO.** | § | |
| **Defendants.** | § | **60TH DISTRICT COURT** |

**PLAINTIFFS' FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **JOCELYN O'QUINN, SHELBY PATRIZI, AND CHARLOTTE ARCENEAUX, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF JOHN O'QUINN,** hereinafter collectively referred to as Plaintiffs, complaining of and about **DARRELL THIBODEAUX ("Thibodeaux") AND GOODYEAR TIRE AND RUBBER COMPANY ("GOODYEAR"),** collectively hereinafter referred to as Defendants, and for cause of action would respectfully show the Court the following:

## 1. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure, 190.4.

## 2. PARTIES

Plaintiffs were, at all times material hereto, Texas citizens and residents of Hardin County, Texas.

Defendant **DARRELL THIBODEAUX** is an individual residing in and domiciled in the State of Texas. Thus, for all purposes, Defendant **DARELL THIBODEAUX** is a Texas citizen and resident of Jefferson County, Texas. This defendant may be served at 11210 Cathryn Lane, Beaumont, Texas 77705.

Defendant **GOODYEAR TIRE AND RUBBER CO.** is a for-profit corporation authorized to do business in the State of Texas and performs substantial business in Jefferson County, Texas. This defendant may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## 3. JURISDICTION AND VENUE

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Although the Plaintiffs realize any ultimate recovery is up to the jury and this Honorable Court, recent "tort reform" forces Plaintiffs—before any discovery is done and at the outset of trial—to specifically and publicly identify a range of damages, or else Plaintiffs are denied various rights including the right to proceed with this case and conduct discovery. Accordingly, and pursuant to that requirement, Plaintiffs plead they are seeking monetary relief over $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

There is a lack of diversity among the parties since Plaintiffs and Defendant **DARRELL THIBODEAUX** is a citizen of the State of Texas; thus, a Texas citizen. Additionally, Plaintiffs are not making any claims for relief under federal law. As such, removal of this action to federal court is *per se* improper and will be met with an immediate motion for remand including a request that sanctions be imposed against Defendants for their improper removal of this action.

This Court has personal jurisdiction over Defendants in Texas under, *inter alia*, the "specific jurisdiction" test because Defendants have intentionally availed themselves of the protection of Texas laws by doing business within Texas, have the requisite minimum contacts with Texas, and because the claims made the basis of this lawsuit arise from Defendants' conduct and/or business activities – namely the activities, operations, and similar other activities and operations – within Texas. This Court further has "general jurisdiction" over these Defendants pursuant to applicable law, and their activities have been systematic and continuous throughout Texas. Defendants could reasonably anticipate being haled into a Texas court, and this Court's exercise of jurisdiction over Defendants does not offend the notions of fair play or substantial justice. Additionally and/or in the alternative, Defendants' numerous campuses and activities within the State of Texas make them essentially at home here.

Venue is likewise proper in this county pursuant to TEX.CIV.PRAC.&REM.CODE §15.001 et seq. and related venue provisions. This includes, *inter alia*, TEX.CIV.PRAC.&REM.CODE §15.002(a)(2) since Jefferson County is the county of one or more defendant's residence at the time the cause of action accrued, and that defendant is a natural person. It further includes, *inter alia*, TEX.CIV.PRAC.&REM.CODE §15.002(a)(2) since Jefferson County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## 4. FACTS

On December 14, 2022, JOHN O'QUINN was working as a shift team leader under the 'Utilities Unit' at Goodyear Tire and Rubber Company located in Beaumont, Texas. During all relevant times, Defendant **GOODYEAR** supervised the operations of JOHN O'QUINN.

Based upon information and belief, Defendant **GOODYEAR** instructed JOHN O'QUINN to shut the steam drum vent on a boiler, when he fell from a ladder, located within Defendant

**GOODYEAR**'s premises. Defendant **GOODYEAR** instructed and/or allowed JOHN O'QUINN to climb the ladder, despite knowing a "Red" lightning protocol was in place at the time. Moreover, Defendant **GOODYEAR** failed to provide and/or require JOHN O'QUINN with proper safety equipment, particularly considering the "Red" protocol.

Lastly, the relevant ladder was in dangerous condition at the time of the incident. Defendant **GOODYEAR** instructed and/or hired Defendant **THIBODEAUX** to perform timely and reasonable inspections of the subject ladder. Defendant **THIBODEAUX** failed to properly and/or safely inspect the subject ladder prior to the incident. Thus, Defendant **GOODYEAR** failed to inspect, implement policies and procedures, and/or instruct Defendant **THIBODEAUX** to inspect the subject ladder within a reasonable time prior to the incident. As such, Defendants did not provide adequate supervision, training, and/or staff to JOHN O'QUINN or their employee(s) during the relevant times. On December 21, 2022, JOHN O'QUINN was announced dead.

JOHN O'QUINN's injuries and death were caused by the negligence and/or gross negligence of Defendants **GOODYEAR** and **THIBODEAUX**.

**5. GROSS NEGLIGENCE AGAINST GOODYEAR TIRE AND RUBBER COMPANY**

The above-stated facts that set forth Defendant **GOODYEAR's** acts and omissions constitute more than ordinary negligence, so as to constitute gross negligence and to further and otherwise justify and require the imposition of punitive and exemplary damages over and against Defendant **GOODYEAR.** Plaintiffs hereby sue for the recovery of such damages.

Specifically, Defendant **GOODYEAR's** conduct, when viewed objectively from Defendant **GOODYEAR's** standpoint at the time occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Defendant

**GOODYEAR** had actual, subjective awareness of the risk(s) but proceeded with a conscious indifference to the rights, safety or welfare of others.

The acts of gross negligence as set out above were a proximate cause of the incident made the basis of this lawsuit. Plaintiffs reserve their right to amend these allegations as further facts, investigation and discovery may warrant.

### 6. NEGLIGENCE AGAINST DARRELL THIBODEAUX AND/OR GOODYEAR TIRE AND RUBBER COMPANY

Defendants **THIBODEAUX** and **GOODYEAR** failed to use ordinary care in various acts or omissions and/or commissions, including but not limited to the following:

(1) In failing to properly and safely inspect and/or maintain the subject ladder;

(2) In failing to timely inspect the subject ladder;

(3) In failing to properly plan, prepare, and coordinate JOHN O'QUINN's activities, as well as properly communicate with JOHN O'QUINN about the potential risks and dangers of his activities;

(4) In failing to implement safe and/or proper policies and procedures relating to performing tasks during a "Red" lightning protocol;

(5) In failing to implement safe and/or proper policies and procedures relating to performing tasks during inclement weather;

(6) In failing to provide safety equipment to employee(s) while performing tasks during a "Red" lightning protocol;

(7) In failing to implement safe and/or proper policies and procedures relating to stopping and/or halting tasks during a "Red" lightning protocol;

(8) In failing to implement safe and/or proper policies and procedures relating to the inspection(s) of the subject ladder; and

(9) In committing other acts of negligence and/or gross negligence, to be stated after an adequate time of discovery of at the time of trial.

The acts of negligence as set out above were a proximate cause of the incident made the basis of this lawsuit. Plaintiffs reserve their right to amend these allegations as further facts, investigation and discovery may warrant.

## 7. WRONGFUL DEATH AND SURVIVAL ACTION

The allegations of the preceding and succeeding paragraphs are incorporated herein by reference. This action is a wrongful death and survival action for all beneficiaries entitled to recover for the death of decedent JOHN O'QUINN, under the provision of Texas Civil Practice & Remedies Code 71.002 and 71.021. Plaintiffs are necessary and proper parties to maintain this wrongful death action and are the surviving legal beneficiaries of the Decedent provided for in the Wrongful Death Act.

## 8. PLAINTIFFS' DAMAGES

Plaintiffs hereby incorporate the rights and remedies set forth in Texas Civil Practices and Remedies Code Section 71.021 (survival cause of action) and Section 71.002 (wrongful death cause of action) *et seq.*, requesting recovery for both wrongful death and survival causes of action. Plaintiffs **JOCELYN O'QUINN**, **SHELBY PATRIZI**, and/or **CHARLOTTE ARCENEAUX** brings these claims and this lawsuit in both the individual and representative capacities and seeks all damages available to JOHN O'QUINN's estate and themselves, individually, as allowed by applicable Texas law. In this regard, Plaintiffs herein plead for the recovery of the following elements of damages.

As a result of the incident made the basis of this lawsuit, Plaintiff **CHARLOTTE ARCENEAUX, AS REPRESENTATIVE OF THE ESTATE OF JOHN O'QUINN,** would show that she has sustained the following injuries, damages and losses:

(1) Reasonable and necessary funeral and burial costs incurred as a result of the death of JOHN O'QUINN;

(2) Physical pain and mental anguish sustained by JOHN O'QUINN, including, but not limited to, the recognition and contemplation of the severity of his injuries and his impending death;

(3) Pecuniary loss, lost earnings and/or loss of earning capacity in the past and in the future; and

(4) Other damages available under Texas common-law, maritime law, and/or other applicable statutory law.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

As a result of the incident made the basis of this lawsuit, Plaintiff **JOCELYN O'QUINN**, as the natural daughter of JOHN O'QUINN, seeks and is entitled to recover, and thereby sues for, the following elements of damages:

(1) Mental anguish sustained in the past and in reasonable probability will continue into the future, as a result of the death of her biological father, JOHN O'QUINN;

(2) Loss of household services and financial support;

(3) Loss of companionship and society sustained in the past and, in reasonable probability, that will continue into the future as a result of the death of her biological father, JOHN O'QUINN;

(4) Pecuniary loss, lost earnings and/or loss of earning capacity in the past and in the future; as a result of the death of her biological father, JOHN O'QUINN

(5) Loss of inheritance; and

(6) Other damages available under Texas common-law, maritime law, and/or other applicable statutory law.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

As a result of the incident made the basis of this lawsuit Plaintiff **SHELBY PATRIZI**, as the natural daughter of JOHN O'QUINN, seeks and is entitled to recover, and thereby sues for, the following elements of damages:

(1) Mental anguish sustained in the past and in reasonable probability will continue into the future, as a result of the death of her biological father, JOHN O'QUINN;

(2) Loss of household services and financial support;

(3) Loss of companionship and society sustained in the past and, in reasonable probability, that will continue into the future as a result of the death of her biological father, JOHN O'QUINN;

(4) Pecuniary loss, lost earnings and/or loss of earning capacity in the past and in the future; as a result of the death of her biological father, JOHN O'QUINN

(5) Loss of inheritance; and

(6) Other damages available under Texas common-law, maritime law, and/or other applicable statutory law.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

## 9. PRE- AND POST JUDGMENT INTEREST

Plaintiffs further seek the recovery of all interest allowed at law, including pre-judgment and post-judgment interest.

## 10. RIGHT TO AMEND

Furthermore, Plaintiffs would state that because of the complex nature of this incident, including the implication of multiple parties, some of which may be unknown to Plaintiffs, and because without first conducting some discovery in this suit, Plaintiffs cannot discover the identities of additional, responsible parties and/or additional witnesses, or reasonably discover information that will form the basis for additional, appropriate claims and causes of action that may properly be asserted in this suit, Plaintiffs reserve the right to amend their pleading to join and/or omit parties as appropriate and to assert additional or different claims, allegations, causes of action, and grounds for recovery.

11. **NOTICE OF REQUIRED DISCLOSURES**

Plaintiffs serve this notice for Required Disclosures to Defendants under the provisions of Rule 194 of the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 194, Defendants are required to disclose, within 30 days of filing an answer to this petition, the information or material described in Rule 194.2 (a)-(i).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them, in accordance with the rules of law and procedure as to actual damages, exemplary damages, and court costs. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700 – T
(409) 832-9708 – F

By: /s/ *Timothy Ferguson*
Timothy Ferguson
State Bar No. 24099479
tferguson@thefergusonlawfirm.com
Antanese Kinard
State Bar No. 24137616
akinard@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

In accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, a true and correct copy of the above and foregoing instrument was served on all counsel of record via the court's electronic filing system on this 14th day of November 2023.

/s/ *Timothy Ferguson*
Timothy Ferguson

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamie Schiesler on behalf of Timothy Ferguson
Bar No. 24099479
jschiesler@thefergusonlawfirm.com
Envelope ID: 81615314
Filing Code Description: Amended Filing
Filing Description: Plaintiffs' First Amended Petition
Status as of 11/14/2023 12:19 PM CST

Associated Case Party: SHELBY PATRIZI

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jamie Schiesler | | jschiesler@thefergusonlawfirm.com | 11/14/2023 12:14:02 PM | SENT |
| Timothy MFerguson | | tferguson@thefergusonlawfirm.com | 11/14/2023 12:14:02 PM | SENT |
| Breanne Breaux | | bbreaux@thefergusonlawfirm.com | 11/14/2023 12:14:02 PM | SENT |
| Antanese Kinard | | akinard@thefergusonlawfirm.com | 11/14/2023 12:14:02 PM | SENT |

Associated Case Party: GOODYEAR TIRE AND RUBBER COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ryan Scott | | ryanscott@mehaffyweber.com | 11/14/2023 12:14:02 PM | SENT |