IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOCELYN O'QUINN, SHELBY PATRIZI, § | | |
| AND CHARLOTTE ARCENEAUX, § | | |
| INDIVIDUALLY, AND AS § | | |
| REPRESENTATIVES OF THE ESTATE § | | |
| OF JOHN O'QUINN, DECEASED § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:24-cv-00015 | |
| § | Jury Demanded | |
| DARRELL THIBODEAUX AND § | | |
| GOODYEAR TIRE AND RUBBER § | | |
| COMPANY § | | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN UNDER
RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

The parties file this report of their conference under Federal Rule of Civil Procedure 26(f).

1. **State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

   The parties participated in a conference call and exchanged information on the matters outlined in Rule 26(f) on February 12, 2024. Counsel participating for each party are as follows: counsel for Plaintiff, Timothy Ferguson, counsel for Defendant, Goodyear Tire & Rubber Company ("Goodyear"), Ryan C. Scott, and counsel for Defendant, Darrell Thibodeaux ("Thibodeaux"), Christine York.  All identifying information for the participants is listed in response to item no. 22.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what the case is about.**

This is a personal injury case wherein John O'Quinn, deceased, an employee of Defendant Goodyear, is alleged to have suffered injuries when he fell from a ladder while working at the Goodyear plant.  Darrell Thibodeaux is a contractor who conducts periodic inspections of the Goodyear plant.

**4.     Specify the allegation of Federal Jurisdiction.**

Goodyear contends this court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the proper parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Goodyear claims Thibodeaux is improperly joined in this matter.  Plaintiffs contend Thibodeaux is a proper party to this litigation and that certain claims they are advancing arise from the Texas Workers' Compensation Act, both of which would preclude federal jurisdiction.

**5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties are currently unaware of any potential parties.

**6.     List anticipated interventions.**

None.

**7.     Describe class-action issues.**

None.

**8.     State whether each party represents that it has made the initial disclosures required by Rule 26(A). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree that they will complete initial disclosures by February 26, 2024.

**9.     Describe the proposed agreed discovery plan, including:**

   A.     Responses to all the matters raised in Rule 26(f).

The parties agree that they will complete and exchange initial disclosures by February 26, 2024. As to other discovery including ESI, the parties have agreed to work together in good faith to avoid unnecessary cost and to agree upon an ESI protocol to the extent necessary.

**B.     When and to whom Plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to each Defendant by March 11, 2024.

**C.     When and to whom Defendants anticipate they may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiffs by March 18, 2024.

**D.     Of whom and by when Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the depositions of individuals who may have witnessed O'Quinn's fall. Plaintiff may also take the depositions of any expert witnesses identified by Defendants and any other person whose deposition testimony becomes desirable based on information developed during discovery.

**E.     Of whom and by when Defendants anticipate taking oral depositions.**

Defendants anticipate deposing those individuals responsible for O'Quinn's medical treatment, Plaintiffs and other fact and expert witnesses who may be identified and designated during the course of discovery. Defendants anticipate taking these depositions prior to the discovery cutoff.

**F.     When the Plaintiff (or other party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(A)(2)(B) and when the opposing party will be able to designate responsive experts and provide their report.**

Plaintiff anticipates that they will be able to designate experts and provide reports by August 16, 2024.

**G.     List expert depositions the Plaintiff (or other party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(A)(2)(B) (expert report).**

Plaintiffs anticipate deposing any experts identified by Defendants and believe such depositions can be taken within the forty-five (45) days following the expert witness designation.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(A)(2)(B) (expert report).**

Defendants anticipate that they will be able to designate experts and provide reports by September 16, 2024.

**10.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement as to this Joint Discovery Case Management Plan, to the extent that any discovery conducted complies with the FRCP.

**11.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12.**    **State the date the planned discovery can reasonably be completed.**

The parties anticipate that they can complete discovery by January 6, 2025.

**13.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Given the early stage of discovery in this case, the parties have not yet discussed the possibility of early resolution.

**14.**    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to work collaboratively to exchange information about the merits of the case. Further, once discovery has adequately progressed, the parties are amenable to and plan on scheduling mediation.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Once discovery has adequately progressed, the parties are amenable to and plan on scheduling mediation.

16. **Magistrate judges may now hear jury and non-jury trials, indicate the Parties' Joint Position on a trial before a magistrate judge.**

    At this time, the parties prefer that this matter remain before Judge Crone.

17. **State whether a jury demand has been made and if it was made on time.**

    Defendant Thibodeaux demanded a jury prior to the removal to this matter.

18. **Specify the number of hours it will take to present the evidence in this case.**

    At this time the parties are not in a position to estimate the hours it will take to present evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiffs have filed a Motion to Remand and Defendant Goodyear has filed a response to this Motion.

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

    None.

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| | |
|---|---|
| Counsel for Plaintiff | Counsel for Defendant,<br>Darrell Thibodeaux |
| Timothy Ferguson<br>State Bar No. 24099479<br>tferguson@thefergusonlawfirm.com<br>Antanese Kinard<br>State Bar No. 24137616<br>akinard@thefergusonlawfirm.com<br>THE FERGUSON LAW FIRM, LLP<br>3155 Executive Blvd.<br>Beaumont, Texas 77705<br>Telephone:    409-832-9700<br>Facsimile:    409-832-9708 | John Engvall, Jr.<br>State Bar No. 06628975<br>jengvall@engvalltxlaw.com<br>Christine N. York<br>State Bar No. 24028058<br>cyork@engvalltxlaw.com<br>1811 Bering Drive, Suite 210<br>Houston, Texas 77057<br>Telephone:    713-787-6700<br>Facsimile:    713-787-0070 |

Counsel for Defendant,
Goodyear Tire & Rubber Company

Michele Y. Smith
State Bar No. 00785296
michelesmith@mehaffyweber.com
Ryan C. Scott
State Bar No. 24013477
ryanscott@mehaffyweber.com
2615 Calder, Suite 800
Beaumont, Texas 77702
Telephone:    409-835-5011
Facsimile:    409-835-5177

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,


MEHAFFYWEBER

By: _____/s/ Ryan Scott_____
  Michele Y. Smith
  State Bar No. 00785296
  michelesmith@mehaffyweber.com
  Ryan C. Scott
  State Bar No. 24013477
  ryanscott@mehaffyweber.com
  500 Dallas, Suite 2800
  Houston, Texas 77002
  Telephone:  713/655-1200
  Telecopier:  713/655-0222

**ATTORNEYS FOR THE GOODYEAR TIRE & RUBBER COMPANY**

THE FERGUSON LAW FIRM, LLP


By:  __/s/ Timothy Ferguson  * with permission  RCS__
  Timothy Ferguson
  State Bar No. 24099479
  tferguson@thefergusonlawfirm.com
  Antanese Kinard
  State Bar No. 24137616
  akinard@thefergusonlawfirm.com
  3155 Executive Blvd.
  Beaumont, Texas 77705
  Telephone:     409-832-9700
  Facsimile:     409-832-9708

**ATTORNEYS FOR PLAINTIFFS**

ENGVALL & YORK, LLP

By:   /s/ *Christine York*  \* *with permission  RCS*
  John Engvall, Jr.
  State Bar No. 06628975
  jengvall@engvalltxlaw.com
  Christine N. York
  State Bar No. 24028058
  cyork@engvalltxlaw.com
  1811 Bering Drive, Suite 210
  Houston, Texas 77057
  Telephone:   713-787-6700
  Facsimile:   713-787-0070

**ATTORNEYS FOR DARRELL THIBODEAUX**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 26th day of February 2024 a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all parties and/or the attorney(s) of record all parties who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

*/s/ Ryan Scott*

_____
Ryan C. Scott