UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOCELYN O'QUINN, SHELBY PATRIZI, AND CHARLOTTE ARCENEAUX, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF JOHN O'QUINN,<br>　　　Plaintiffs<br><br>v.<br><br>DARRELL THIBODEAUX AND GOODYEAR TIRE & RUBBER COMPANY,<br>　　　Defendants | §§§§§§§§§§§§§§ | CIVIL ACTION NO. 1:24-CV-15<br>Jury Demanded |

**DEFENDANT DARRELL THIBODEAUX'S**
**RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO REMAND**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE MICHAEL TRUNCALE:

COMES NOW Defendant DARRELL THIBODEAUX ("Thibodeaux") and files his Response to Plaintiffs' Opposed Motion to Remand, and in support of same, would respectfully show unto this Honorable Court as follows:

### I.  SUMMARY OF ARGUMENT

1.   Plaintiffs originally brought this matter in the District Courts of Jefferson County, Texas. On January 11, 2024, The Goodyear Tire & Rubber Company ("Goodyear") removed the case to Federal District Court on the grounds that complete diversity exists between the parties and the amount in controversy exceeds $75,000.

2.   Plaintiffs have challenged Goodyear's removal, alleging that this Court does not have subject-matter jurisdiction over this suit and requested that this Court remand this matter back to the 60th District Court of Jefferson County, Texas. Plaintiffs' Motion to Remand should be denied because the pleading on file at the time of removal, Plaintiffs' First Amended Petition, failed to set forth sufficient facts to show that Darrell Thibodeaux's alleged misconduct was a proximate

cause of Plaintiffs' claimed harm.  Additionally, this pleading did not mention the Texas Workers' Compensation Act ("TWCA") or allege any cause of action based on the TWCA.  However, even if Plaintiffs' most recent pleading is considered, their Third Amended Complaint does not contain claims that arise under the TWCA, nor does it allege sufficient facts to show that their claims against Thibodeaux are plausible.  As such, Thibodeaux is improperly joined in this case, resulting in complete diversity between the parties.  With complete diversity between the parties and the absence of any statute requiring remand, Plaintiffs' Motion to Remand should be denied.

## II.  ARGUMENTS & AUTHORITIES

**A.    The pleading on file at the time of removal determines removal jurisdiction and is evaluated using federal pleading rules**

3.     When the removal of an action initiated in state court is challenged, the pleadings on file at the time of removal provide the basis for evaluating the existence of Federal jurisdiction.[1]  In the absence of such a rule, there could be no final disposition of a jurisdictional issue, because the issue would need to be reanalyzed every time a plaintiff amended the complaint.[2]  Next, federal pleading rules are utilized to when evaluating the propriety of removal.[3]

### 1.    Plaintiffs did not allege any claims under the Texas Workers' Compensation Act in their First Amended Petition

4.     The pleading on file at the time of removal, Plaintiffs' First Amended Petition, is the instrument that must be evaluated for jurisdictional purposes.  Plaintiffs' claims against Goodyear in this pleading consisted of allegations of gross negligence and ordinary negligence, with no mention of the TWCA, or allegations of any causes of action that are purportedly based on the TWCA.[4]  In their Motion to Remand, Plaintiffs assert that Goodyear was "silent on this Court's

---

[1] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).
[2] *Id.*
[3] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
[4] Exhibit A attached to *Defendant's Notice of Removal* [Doc. 1].

lack of jurisdiction pursuant to the TWCA."[5] Goodyear was silent regarding the TWCA, precisely because the TWCA was not mentioned in Plaintiffs' First Amended Petition. Thus, it is clear that when considering the pleading on file at the time of removal, Plaintiffs had not alleged any claims that were based on or arose under the TWCA that would require remand. This circumstance is precisely the reason why the law requires that the pleading considered when determining federal jurisdiction be the pleading on file at the time of removal. As the Firth Circuit stated in *Cavallini*:

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.[6]

In their Second and Third Amended Complaints, Plaintiffs are not clarifying the facts in existence at the time of removal, they are attempting to impermissibly amend away federal jurisdiction.[7] As such, the allegations related to the TWCA contained in Plaintiffs' Second and Third Amended Complaints should not be considered, and Plaintiff's Motion to Remand should be denied.

1. **Plaintiffs did not allege any factual basis in their First Amended Petition for their claims against Thibodeaux**

5.  Plaintiffs claim that this Court does not have subject-matter jurisdiction over this matter because of the presence of Thibodeaux, a non-diverse party. Plaintiffs base this argument on certain facts alleged in their Second and Third Amended Complaints (both filed February 12, 2024) regarding the diameter of a safety cage around the ladder in question and the condition of the ladder's rungs. These facts were not alleged in Plaintiffs' First Amended Petition. As outlined in

---

[5] Plaintiff's Motion to Remand [Doc. 11], at para. 4.
[6] *Cavallini*, 44 F.3d at 264.
[7] *Id.*

Goodyear's Notice of Removal, improper joinder is shown when a plaintiff is unable to establish a cause of action against the non-diverse or forum defendant in state court.[8] A district court conducts a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to decide if the complaint states a claim under state law against the in-state defendant.[9] Plaintiffs must plead sufficient facts "to state a claim to relief that is plausible on its face."[10] A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

6.    Plaintiffs did not plead any facts in their First Amended Petition to support their contention that the ladder in question was defective and that Thibodeaux's failure to inspect and discover these alleged defects proximately caused O'Quinn to fall. Without such facts, it is impossible to reasonably infer that Thibodeaux's conduct in any way caused or contributed to O'Quinn's fall. Plaintiffs, in their Motion to Remand, do not appear to argue that their First Amended Petition, the pleading on file at the time of removal, provided a sufficient factual basis for their claims and have based their arguments in support of a remand on the factual allegations contained in their Third Amended Complaint. Although for reasons detailed below, the factual allegations regarding the safety cage and ladder rungs remain insufficient, these facts should not be considered as they were not alleged in Plaintiffs' First Amended Petition. Plaintiffs' First Amended Petition does not allege any factual basis supporting their claims against Thibodeaux. The First Amended Petition lists conclusory statements of alleged negligence that are attributed to Goodyear and Thibodeaux.[12] It is impossible to tell which allegations are attributed to Goodyear versus Thibodeaux and no facts are presented to illustrate how the allegations caused or contributed to O'Quinn's fall. These

---

[8] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 586, 573 (5th Cir. 2004).
[9] *Smallwood,* 385 F.3d at 573.
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] Exhibit A attached to Defendant's Notice of Removal [Doc. 1], p. 5 § 6.

unsupported statements are insufficient to show to Plaintiffs' have a plausible claim for relief.[13] Because Plaintiffs' First Amended Petition fails to state a plausible claim for relief against Thibodeaux, he is improperly joined in this case and complete diversity exists between Plaintiffs and Goodyear. As a result, Plaintiffs' Motion to Remand should be denied.

**B.     Plaintiffs' gross negligence claims do not arise under the TWCA**

7.      As detailed above, Plaintiffs failed to allege any claims based on the TWCA in their First Amended Petition, but regardless, their gross negligence claims against Goodyear do not arise under the TWCA. Civil actions arising under a state's workers' compensation laws are not removeable to federal court.[14] However, the court in *Wagner v. FedEx Freight, Inc.* determined that a claim of gross negligence asserted by a deceased employee against his employer did not arise under the TWCA.[15] The *Wagner* court conducted a detailed analysis of §408.001(b) of the TWCA, the Texas Wrongful Death Act and the Texas Constitution to arrive at this conclusion.

8.      When the TWCA was enacted in 1913, the Act did not preclude a deceased employee's spouse and children from pursing exemplary damages, a claim that pre-existed the passing of the TWCA.[16] The court noted that the passage of the TWCA neither "adds to nor takes from such liability, but leaves the law with reference thereto as it stood before the passage of the act and subject to the same defenses."[17] The Texas legislature exempted claims of exemplary damages from the TWCA because the Texas Constitution requires it.[18]

9.      Furthermore, the court noted that the structure of the TWCA indicates that exemplary damages claims do not arise under the TWCA. The TWCA was enacted to quickly resolve the

---

[13] *Ashcroft*, 556 U.S. at 678.
[14] 28 U.S.C. §1445(c).
[15] *Wagner v. FedEx Freight, Inc.*, 315 F.Supp.3d 916, 920 (N.D. Tex. 2018).
[16] *Wagner,* 315 F.Supp.3d at 923.
[17] *Wagner,* 315 F.Supp.3d at 924.
[18] *Id.*

claims of injured employees.[19]  §408.001(b) of the TWCA does nothing to quickly resolve the claims of injured workers, as it does not help an injured worker obtain benefits or protect the workers compensation system.[20]  The Texas Supreme Court considered a similarly worded predecessor of §408.001(b) and determined that the statute did not create a cause of action for exemplary damages, but merely preserved an existing one.[21]  The Fifth Circuit has also held that the TWCA preserves the cause of action for exemplary damages found in the Texas Constitution as opposed to creating it.[22]  This detailed review of case law, the TWCA, and the Texas Constitution "requires a finding that §408.001(b) preserves a cause of action found outside the TWCA, and therefore falls outside the ambit of §1445(c)."[23]  Absent the statutory requirement of §1445(c), Plaintiffs' Motion to Remand should be denied.

**C.     The facts Plaintiffs pled in their Third Amended Complaint remain inadequate**

10.     As detailed above, the additional facts pled by Plaintiffs in their Second and Third Amended Complaints should not be considered in determining the jurisdictional issues in this case. However, even if these facts are considered, they remain inadequate to establish that Plaintiffs have a plausible cause of action against Thibodeaux.  Facts supporting the allegations in a complaint cannot be generalities.[24]  Additionally, conclusory factual allegations are not sufficient to show the existence of a plausible cause of action.[25]

11.     Plaintiffs have claimed that the diameter of the safety cage on the ladder in question was three inches too large.[26]  However, a safety cage was not required for this ladder, according to the

---

[19] *Id.*
[20] *Wagner,* 315 F.Supp.3d at 925.
[21] *Id.*
[22] *Wagner,* 315 F.Supp.3d at 926, citing *Bonner v. Tex. Co.*, 89 F.2d 291, 292 (5th Cir. 1937).
[23] *Wagner,* 315 F.Supp.3d at 931.
[24] *Brooks v. Ross*, 578 F.3d 581 (7th Cir. 2009).
[25] *Ashcroft,* 556 U.S. at 678 citing *Twombly*, 550 U.S. at 555.
[26] Plaintiffs' Third Amended Complaint [Doc. 10], p. 4.

deposition testimony of Jim Dangaran.[27] Plaintiffs did not cite any regulations or other facts that would show that a safety cage was required on this ladder in contradiction to Dangaran's sworn testimony. Plaintiffs have also claimed that the ladder's rungs were worn.[28] This conclusory statement is also made without reference to any regulations or requirements regarding the standards for ladder rungs in a similar workplace setting. These allegations are nothing more than "naked assertion(s) devoid of further factual enhancement" that are insufficient to show Plaintiffs' have a plausible cause of action against Thibodeaux.[29] It should be noted that Plaintiffs have inspected this ladder and, as a result, have knowledge of the ladder's dimensions and measurements. Thus, Plaintiffs are well-positioned to identify how the ladder in question fails to meet any applicable safety regulations or requirements and how Thibodeaux's alleged failure to inspect and find any such deficiency caused or contributed to O'Quinn's fall but have failed to do so in any of their pleadings. Plaintiffs have failed to provide the required level of factual support for their claims against Thibodeaux, because no such factual support exists. The lack of a sufficient factual basis for Plaintiffs' claims against Thibodeaux in any of the petitions or complaints filed in this case shows that these claims are not plausible on their face. As such, Thibodeaux has been improperly joined in this matter resulting in complete diversity between Plaintiffs and Goodyear necessitating the denial of Plaintiff's Motion to Remand.

### III. CONCLUSION and PRAYER

Plaintiffs' First Amended Petition, the pleading on file at the time of removal, did not allege any claims based on the TWCA nor state any factual basis for their claims against Thibodeaux. Although their amendments after removal should not be considered, Plaintiffs' claims for exemplary damages in their Third Amended Complaint do not arise under the TWCA such that a

---

[27] Exhibit G attached to Defendant's Notice of Removal [Doc. 1], p. 31, l. 17 – p. 32, l. 1.
[28] Plaintiffs' Third Amended Complaint [Doc. 10], p. 4.
[29] *Ashcroft,* 556 U.S. at 678 citing *Twombly*, 550 U.S. at 555.

remand to state court is required. Further, Plaintiffs have failed to state sufficient facts in their Third Amended Complaint regarding their claims against Thibodeaux to show that they have any plausible cause of action against him. As a result, Thibodeaux is improperly joined in this case and should be dismissed from this matter, resulting in complete diversity between Plaintiffs and Goodyear. With complete diversity between the parties and absent a statutory requirement for remand, Plaintiffs' Motion to Remand should be denied and this matter should remain in the Federal District Court.

        Respectfully submitted,

        */s/ John Engvall, Jr.*
        JOHN ENGVALL, JR.
        State Bar No. 06628975
        Email: jengvall@engvalltxlaw.com
        **ATTORNEY-IN-CHARGE FOR**
        **DEFENDANT DARRELL THIBODEAUX**

OF COUNSEL:

ENGVALL & YORK, LLP
CHRISTINE N. YORK
State Bar No. 24028058
Email: cyork@engalltxlaw.com
1811 Bering Drive, Suite 210
Houston, Texas 77057
Tel.: 713-787-6700
Fax: 713-787-0070

## CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of February 2024, a copy of the foregoing instrument has this day been served upon all known counsel of record as follows:

    Timothy M. Ferguson                                *Via E-Service*
    Antanese Kinard
    The Ferguson Law Firm LLP
    3155 Executive Boulevard
    Beaumont, Texas 77705

Michele Y. Smith  *Via E-Service*
Ryan Scott
MEHAFFY WEBER
2615 Calder, Suite 800
Beaumont, Texas 77702

                                               */s/ John Engvall, Jr.*
                                               JOHN ENGVALL, JR.